KEB

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Jianzhong Cao, | No. CV-26-01638-PHX-SMB (MTM) |
| Petitioner, | **ORDER** |
| v. | |
| Kristi Noem, et al., | |
| Respondents. | |

Petitioner, who is confined in the Eloy Detention Center, filed a Petition for a Writ of Habeas Corpus pursuant to 28 U.S.C. § 2241 (Doc. 1), a Motion for Temporary Restraining Order (Doc. 2), and a Motion for Immediate Release Pending Adjudication of Habeas Petition (Doc. 3.). The Court will deny the Petition and deny the Motions as moot.

## I.      Petition

In his Petition, Petitioner challenges his immigration detention and seeks release from custody, or in the alternative, a bond hearing. He raises three Claims for relief.

### A.      Claims One and Two

In Claims One and Two, Petitioner asserts his prolonged detention during his pending removal proceedings violates the Due Process Clause and 8 U.S.C. § 1225(b), respectively.

The Supreme Court has determined there is no statutory right to periodic bond hearings for aliens detained during the pendency of removal proceedings. *Jennings v. Rodriguez* 583 U.S. 281, 297 (2018) ("Until [removal proceedings end] nothing in the

statutory text imposes any limit on the length of detention.  And neither § 1225(b)(1) nor § 1225(b)(2) says anything whatsoever about bond hearings.").  And while *Jennings* did not address whether such a right exists under the Constitution, the Supreme Court subsequently held that an alien unlawfully present in the United States "has only those rights regarding admission that Congress has provided by statute."  *Dep't of Homeland Sec. v. Thuraissigiam*, 591 U.S. 103, 140 (2020); *see also Espinoza Lopez v. Noem*, CV-26-00345 (JHR), 2026 WL 266597, at *3 (S.D.N.Y. Feb. 2, 2026).

Therefore, the Court finds Petitioner is subject to mandatory detention and is therefore not entitled to a bond hearing or release under statutory or constitutional authority.  Accordingly, the Court will dismiss Claims One and Two.

**B.    Claim Three**

In Claim Three, Petitioner seeks relief as a member of the bond-eligible class certified by the United States District Court for the Central District of California in *Bautista v. Santacruz*, CV-25-01873-SSS-BFM, 2025 WL 3288403, at *1 (C.D. Cal. Nov. 25, 2025).  As an initial matter, the Court rejects Petitioner's argument that relief should be granted here simply because he is a member of the *Bautista* class.  *See Calderon Lopez v. Lyons*, ___ F. Supp. 3d ___, 2025 WL 3683918, at *1 (N.D. Tex. Dec. 19, 2025). Jurisdiction over Petitioner's claim remains in the District of Arizona.

Regardless, this Court has held that, under § 1225(a), any alien who enters the United States illegally, who has not been previously lawfully admitted, is "deemed for purposes of this chapter an applicant for admission" under 8 U.S.C. § 1225(a)(1).  *See Chavez v. Noem*, ___F. Supp. 3d ___, 2026 WL 381618, at *1-2 (D. Ariz. Feb. 9, 2026); *see also Buenrostro-Mendez v. Bondi*, 166 F.4th 494 (5th Cir. 2026).

Further, an alien unlawfully present in the United States "has only those rights regarding admission that Congress has provided by statute."  *Dep't of Homeland Sec. v. Thuraissigiam*, 591 U.S. 103, 140 (2020); *see also Lopez v. Noem*, CV-26-00345 (JHR), 2026 WL 266597, at *3 (S.D.N.Y. Feb. 2, 2026).

Based on Petitioner's allegations, the Court finds that Petitioner is present without

having been admitted[1] and is therefore treated as an applicant for admission under 8 U.S.C. § 1225(a)(1). The Court further finds that an immigration officer has not determined Petitioner clearly and beyond a doubt is entitled to be admitted, and therefore mandatory detention under 8 U.S.C. § 1225(b)(2)(A) applies. Accordingly, the Court will dismiss Claim Three.

**II.     Conclusion**

Considering the foregoing, the Court finds Petitioner is not entitled under the Immigration and Nationality Act to a bond hearing or release from custody under 8 U.S.C. § 1226(a) or the Due Process Clause. Therefore, the Court will deny the Petition without prejudice and deny as moot the Motion for Temporary Restraining Order and Motion for Immediate Release Pending Adjudication of Habeas Petition.

**IT IS ORDERED:**

(1)     The Petition for Writ of Habeas Corpus (Doc. 1) is **denied**. The Clerk of Court must enter judgment accordingly and close this case.

(2)     The Motion for Temporary Restraining Order (Doc 2) and Motion for Immediate Release Pending Adjudication of Habeas Petition (Doc 3) are **denied as moot**.

Dated this 12th day of March, 2026.

_____
Honorable Susan M. Brnovich
United States District Judge

---

[1] That Petitioner was paroled upon his entry to the United States does not change the Court's analysis. *Vazquez Romero v. Garland*, 999 F.3d 656, 661 (9th Cir. 2021) ("The parole of an alien into the United States does not affect the alien's immigration status. Aliens paroled elsewhere in the country for years pending removal are treated for due process purposes as if stopped at the border." (citations and quotation marks omitted)).